Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 0069154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Telephone: 561-826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael S. Davis, on behalf of himself and others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Davis Miles McGuire Gardner, PLLC,<br><br>　　　　　　　　Defendant.<br>_____ | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

1

**Nature of Action**

1.  Michael S. Davis ("Plaintiff") brings this class action against Davis Miles McGuire Gardner, PLLC ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of consumers who have been subjected to improper debt collection efforts by Defendant.

2.  By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.  The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained: "Harmful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

2

4. Today, over one-third of all debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers do not owe.[2]

5. To address this problem, the FDCPA requires debt collectors to send consumers a "validation notice" at the outset of the relationship containing certain prescribed disclosures about the consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7. The CFPB and the Federal Trade Commission have noted that "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. Pertinent here, the validation notice must advise the consumer that unless he, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*. 15 U.S.C. § 1692g(a)(3).

---

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act— CFPB Annual Report 2018*, at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

3

9. Further, the notice must advise the consumer of his need to dispute the debt in writing, *with the debt collector*, if he wants the debt collector to "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to him. *Id.*, § 1692g(a)(4).

10. This case centers on Defendant's failure to properly provide the disclosures required by sections 1692g(a)(3) and g(a)(4) in its initial written communications to Arizona consumers, or within five days thereafter.

**Jurisdiction and Venue**

11. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business in this district.

**Parties**

13. Plaintiff is a natural person who, at all relevant times, resided in Maricopa County, Arizona.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal,

4

family, or household purposes—namely, a personal loan for personal and household purchases (the "Debt").

16. Defendant is a multi-disciplinary law firm with corporate offices in Arizona, New Mexico, and Utah.

17. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. Among Defendant's practice areas is collections work: "Davis Miles McGuire Gardner is experienced in recovering past due accounts and judgments. Not only do we have more clout with debtors, but we have experience in knowing what to do and when to do it to maximize your recovery. You have waited long enough to get paid."[3]

21. Defendant represented to Plaintiff in written correspondence that it is a debt collector.

---

[3] https://www.davismiles.com/practice-areas/commercial-collections/ (last visited February 25, 2020).

5

22. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Factual Allegations**

23. On or about May 28, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

24. A true and correct copy of the May 28, 2019 communication is attached as Exhibit A.

25. This May 28 communication to Plaintiff was the first communication Plaintiff received from Defendant.

26. Plaintiff did not receive any other communications from Defendant within five days of the May 28 communication.

27. At the outset of its letter, Defendant identifies itself as follows in bold, capitalized letters: "**WE ARE DEBT COLLECTORS. THE PURPOSE OF THIS LETTER IS TO ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" Ex. A.

28. Pertinent here, Defendant's May 28 letter continues in bold lettering: "**Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid.**" *Id.*

29. The letter also states in the same bold lettering: "**If you notify our client or the undersigned in writing within thirty (30) days that this debt, or any portion thereof, is disputed, verification of the debt will be provided to you.**" *Id.*

6

## CLASS ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as:

> All persons (a) with an address in Arizona, (b) to whom Davis Miles McGuire Gardner, PLLC mailed an initial debt collection communication not known to be returned as undeliverable, (c) within one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, (e) which stated: (1) "Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid," and/or (2) "If you notify our client or the undersigned in writing within thirty (30) days that this debt, or any portion thereof, is disputed, verification of the debt will be provided to you."

31. Excluded from the class are Defendant, its officers and directors, and any entity in which Defendant has or had a controlling interest.

32. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

33. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

34. The proposed class is ascertainable because it is defined by reference to objective criteria.

35. In addition, the proposed class is identifiable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

36. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

7

37. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant—dissemination of form initial debt collection letters—and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

38. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

39. Plaintiff has no interests that are contrary to, or irrevocably in conflict with, the members of the class that he seeks to represent.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

41. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

42. There will be no extraordinary difficulty in the management of this action as a class action.

43. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

44. Among the issues of law and fact common to the class:

8

    a. Defendant's violations of the FDCPA as alleged herein;

    b. Whether Defendant is a debt collector as defined by the FDCPA;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

### Count I: Violation of the FDCPA, 15 U.S.C. § 1692g(a)(3)

45. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 44.

46. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

47. The May 28, 2019 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosures within five days thereafter.

48. Specifically, the May 28 communication violated 15 U.S.C. § 1692g(a)(3) by advising Plaintiff that unless he, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, "the debt will be assumed to be valid," Ex. A—with no reference to *who* would be making this assumption.

49. By failing to specify that the Debt would thereafter be assumed valid *by Defendant* (and *only* by Defendant), the May 28 letter misstates Plaintiff's rights pursuant

9

to the FDCPA. *See, e.g.*, *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 823 (E.D. Va. 2014) ("The Letter's failure to state who would assume the debt's validity does not comply with § 1692g(a)(3) of the FDCPA, and the inclusion of the Letter's final sentence does nothing to correct or clarify that omission. Here too the Defendant used language that would reasonably be understood by the least sophisticated consumer to convey more than the law allows. It is unlikely that the selection of that text was inadvertent.").

50. As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

51. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and failed to give him statutorily-mandated disclosures to which he was entitled.

52. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

53. And the content of Defendant's May 28 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA.

54. Specifically, where a consumer is told that his failure to dispute a debt within 30 days of receipt of the validation notice will result in that debt being assumed valid, *generally*, and not simply by the debt collector, such misstatement creates a risk that the consumer will believe (incorrectly) that anyone beyond the debt collector—for

10

example, a creditor, a credit reporting agency, or even a court of law—will be entitled to this same presumption of validity, which is not true. *See, e.g.*, *Galuska v. Collectors Training Inst. of Ill., Inc.*, No. 07-2044, 2008 WL 2050809, at *5 (M.D. Pa. May 13, 2008) (holding that failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity).

55. Here, upon reviewing Defendant's May 28 communication, Plaintiff was under that very impression.

**Count II: Violation of the FDCPA, 15 U.S.C. § 1692g(a)(4)**

56. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 44.

57. The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

\* \* \* \*

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

58. The May 28, 2019 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), nor did Defendant provide such disclosures within five days thereafter.

11

59. Specifically, the May 28 communication violated 15 U.S.C. § 1692g(a)(4) by advising Plaintiff that verification of the Debt would be provided if he disputed the Debt in writing to either Defendant *or its client*. Ex. A.

60. However, a written dispute to Defendant's client does not trigger any obligation under the FDCPA for Defendant to provide verification to Plaintiff, nor protect Plaintiff from continued collection activities pending such verification:

> If the consumer notifies *the debt collector* in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified *the debt collector* in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphasis added).

61. By stating that Plaintiff could obtain verification of the Debt by written dispute to either Defendant or its client, the May 28 letter misstates Plaintiff's rights pursuant to the FDCPA.

62. As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

63. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and failed to give him statutorily-mandated disclosures to which he was entitled.

12

64. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

65. And the content of Defendant's May 28 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA.

66. Specifically, where a consumer is told that his written dispute to either the debt collector or its client would result in the debt collector obtaining and sending verification of said debt, such misstatement creates a risk that the consumer will send his dispute to the client (rather than the debt collector) and thereby waive or forego his rights under section 1692g(b) to (1) guarantee that the debt collector provide such verification, and (2) cease any additional collection activities until it provides such verification. *See, e.g.*, *Macarz v. Transworld Sys., Inc.*, 26 F. Supp. 2d 368, 372 (D. Conn. 1998) ("the issue is not so much whether Transworld Systems is identified as the debt-collecting agency, but rather whether the notice makes it sufficiently clear that any dispute must be directed in writing to the debt-collection agency, as opposed to the creditor").

67. To be sure, upon reviewing Defendant's May 28 communication, Plaintiff did not understand that a written dispute to Defendant's client, as opposed to Defendant directly, would sacrifice certain of his rights under the law.

13

**Count III: Violation of the FDCPA, 15 U.S.C. § 1692e**

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 44.

69. The FDCPA at 15 U.S.C. § 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

70. Defendant's May 28, 2019 communication contained several misrepresentations.

71. First, by failing to specify that the Debt thereafter would be assumed valid by Defendant (and only by Defendant) absent dispute, the May 28 letter gave the misleading impression that the Debt would be assumed valid by entities other than Defendant.

72. Second, by directing Plaintiff to submit written disputes to either Defendant or its client, the May 28 letter gave the misleading impression that a dispute to either party would have the same effect and carry the same weight, which is not true.

73. That is, Defendant encouraged Plaintiff to waive certain of his rights under the FDCPA by sending written disputes to its own client without explaining that any such disputes to its client would not trigger the important protections provided by section 1692g(b), including the requirement that *Defendant* provide such verification and that *Defendant* cease collection activities until verification is provided.

74. As a result, Defendant violated 15 U.S.C. § 1692e by making misleading representations in connection with the collection of the Debt.

75. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and failed to give him statutorily-mandated disclosures to which he was entitled.

76. And the content of Defendant's May 28 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA by making Plaintiff more likely to fall victim to abusive debt collection practices.

77. Moreover, Defendant violated Plaintiff's right not to be the target of misleading debt collection communications.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), and 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), and 1692e with respect to Plaintiff and the class;

15

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 19th day of March, 2020.

> By: *s/ Jesse S. Johnson*
> Jesse S. Johnson*
>
> * to seek admission *pro hac vice*